JAHNA LINDEMUTH
ATTORNEY GENERAL
Matthias R. Cicotte
Assistant Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA JAMES BRADSHAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MATTHEW NYHOLM, WILLIAM ) <br> LAPINSKAS, and STATE OF ) <br> ALASKA, DOC, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:16-CV-00223-RRB |

## ANSWER

Defendants Matthew Nyholm, William Lapinskas, and the State of Alaska, Dept. of Corrections ("DOC"), by and through Assistant Attorney General Matthias Cicotte, hereby answer Plaintiff Joshua James Bradshaw's complaint as follows:

1. Admit that plaintiff's lawsuit arises under 42 U.S.C. § 1983. Deny all other allegations in this paragraph.

2. Admit that plaintiff seeks injunctive relief against defendants. Deny that plaintiff is entitled to said relief.

3. Deny.

4. Admit that plaintiff seeks said relief in this case. Deny that plaintiff is entitled to said relief.

5. Deny.

6. Deny.

7. Deny.

8. Deny.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit that DOC administers the State of Alaska's corrections programs, and that Mr. Bradshaw was in DOC's custody at all times relevant. It is unclear precisely what is meant by the allegation that DOC was "responsible for [Bradshaw's] care and safety," and that allegation is therefore denied as vague and ambiguous.

15. Admit that Bradshaw was transferred to Spring Creek Correctional Center in September 2015. However, that transfer appears to have occurred on September 12, 2015. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

16. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

17. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

18. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

19. Admit.

20. Deny.

21. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

22. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

23. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

24. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

25. Admit that Bradshaw requested protective custody on or about September 22, 2015. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

26. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

27. Admit that there are several possible placements available for prisoners at SCCC. Deny that this paragraph describes all possible placements.

28. Admit that plaintiff was placed in protective custody on or about September 22, 2015. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

29. Admit that this was SCCC's policy for entry into to the Protective Custody General Population ("PC-GP") module.

30. Admit.

31. Admit that Bradshaw was admitted to the PC-GP module, and that Officer Nyholm recommended that placement. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

32. Admit.

33. Admit.

34. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

35. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

36. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

37. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

38. Admit that Officer Nyholm met with Bradshaw on March 31, 2016 to discuss his placement upon termination of his disciplinary segregation. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

39. Admit that Officer Nyholm told plaintiff that placement in the PC-GP module is a privilege. Admit that Nyholm told Bradshaw that his options were to go into general population or to enter protective custody. Deny that Officer Nyholm told Bradshaw that he would never be eligible for placement in the PC-GP module. Deny that Officer Nyholm told Bradshaw that he would be "fine" in General Population. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

40. Deny.

41. Deny.

42. Admit that Supt. Lapinskas approved Bradshaw's request for placement in General Population. All other allegations are denied.

43. Deny.

44. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

45. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

46. Deny.

47. Deny.

48. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

49. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

50. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

51. Deny.

52. Admit that Officer Nyholm recommended that Bradshaw's placement in PC-GP be denied. All other allegations in this paragraph are denied.

53. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

54. Admit that Bradshaw was placed in PC-GP on or about October 21, 2016. Defendants are without information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny said allegations.

55. Admit.

56. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

57. Defendants hereby incorporate their answers to paragraphs 1 through 56 of the Complaint.

58. This paragraph states legal arguments not requiring an answer.

*Bradshaw v. Nyholm, et al.*  Case No. 3:16-cv-00223-RRB
Answer  Page 6 of 13

Case 3:16-cv-00223-RRB   Document 39   Filed 12/11/17   Page 6 of 13

59. This paragraph states legal arguments not requiring an answer.

60. This paragraph states legal arguments not requiring an answer. Moreover, the allegations are vague and ambiguous.

61. Admit.

62. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations. Moreover, the allegations are vague and ambiguous.

63. This paragraph states legal arguments not requiring an answer. Moreover, the allegations are vague and ambiguous.

64. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Defendants hereby incorporate their answers to paragraphs 1 through 69 of the Complaint.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Defendants hereby incorporate their answers to paragraphs 1 through 79 of the Complaint.

82. Admit.

83. This paragraph contains legal arguments not requiring an answer.

84. Admit.

85. This paragraph contains legal arguments not requiring an answer.

86. This paragraph contains legal arguments not requiring an answer. Moreover, defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

87. Admit.

88. Admit.

89. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

90. Deny.

91. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

92. Deny.

93. Deny.

94. Defendants hereby incorporate their answers to paragraphs 1-93 of the complaint.

95. Admit that the Alaska Constitution forbids cruel and unusual punishment. The remaining allegations of this paragraph constitute a legal argument not requiring an answer.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Defendants hereby incorporate their answers to paragraphs 1-100 of the complaint.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Defendants hereby incorporate their answers to paragraphs 1-106 of the complaint.

108. Admit that the Alaska Constitution prohibits deprivations of liberty or property by state officials without due process of law. All other allegations in this paragraph constitute legal arguments not requiring an answer, and are moreover too vague and ambiguous to permit an answer.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Defendants hereby incorporate their answers to paragraphs 1-112 of the complaint.

114. This paragraph contains legal arguments not requiring an answer.

115. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

116. Deny.

117. Deny.

118. Defendants are without information sufficient to form a belief as to the allegations in this paragraph, and therefore deny said allegations.

119. Deny.

120. Deny.

*Bradshaw v. Nyholm, et al.*  Case No. 3:16-cv-00223-RRB
Answer     Page 10 of 13

Case 3:16-cv-00223-RRB   Document 39   Filed 12/11/17   Page 10 of 13

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Defendants hereby incorporate their answers to paragraphs 1-126 of the complaint.

128. This paragraph contains legal arguments not requiring an answer.

129. Admit that Bradshaw had informed Nyholm of certain threats against him. However, the phrase "the threats against him" is sufficiently vague that it is not clear whether it includes threats of which Nyholm was not informed. Insofar as it does, the allegation is denied.

130. The allegations in this paragraph are denied as vague and ambiguous.

131. The allegations in this paragraph are denied as vague and ambiguous.

132. Deny.

133. Deny.

134. Deny.

*Bradshaw v. Nyholm, et al.*  Case No. 3:16-cv-00223-RRB
Answer  Page 11 of 13

Case 3:16-cv-00223-RRB   Document 39   Filed 12/11/17   Page 11 of 13

## AFFIRMATIVE DEFENSES

A. Plaintiff has failed to state a claim upon which relief may be granted.

B. Defendants did not personally participate in the alleged constitutional violations.

C. Defendants have qualified immunity to suit.

D. Defendants' actions had a legitimate penological purpose.

E. Damages are not available for claims arising under the Alaska Constitution.

F. The injunctive relief sought by plaintiff is prohibited by statute.

G. The injunctive relief sought by plaintiff is prohibited by the rules of this court.

H. Plaintiff failed to exhaust his administrative remedies.

I. All damages are due to plaintiff's own conduct.

J. All damages are due to the conduct of a non-party.

K. The relief sought by Plaintiff is contrary to public policy.

L. Defendants reserve the right to amend this answer to state any additional affirmative defenses which arise during the course of this litigation.

## REQUEST FOR JURY TRIAL

Defendants hereby request a trial by jury.

WHEREFORE, Defendants asks that Plaintiff take nothing by way of his complaint and that they be awarded their costs and attorney fees incurred in defending this action.

Dated this 11th day of December, 2017.

                        JAHNA LINDEMUTH
                        ATTORNEY GENERAL

                        By: s/ Matthias Cicotte
                            Assistant Attorney General
                            State of Alaska, Department of Law
                            Criminal Division Central Office
                            1031 W. 4th Ave., Suite 200
                            Anchorage, AK 99501
                            Telephone: 269-5190
                            Email: matthias.cicotte@alaska.gov
                            AK Bar No. 0811065

Certificate of Service
I hereby certify that on December 11, 2017, a true and correct copy of the foregoing was served on:

Joshua James Bradshaw, #392304
Spring Creek Correctional Complex
3600 Bette Cato Rd.
Seward, AK 99664

s/Cassidy White
Law Office Assistant II

*Bradshaw v. Nyholm, et al.*                                Case No. 3:16-cv-00223-RRB
Answer                                                                                 Page 13 of 13